Filed 9/16/22  P. v. McGehee CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

### IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### FIRST APPELLATE DISTRICT

### DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ROBERT JAMES McGEHEE, JR.,<br><br>    Defendant and Appellant. | A164647<br><br>(Solano County Super. Ct. No. VCR234765) |

Robert James McGehee, Jr., appeals after the trial court revoked his probation.  His court-appointed counsel has filed a brief seeking our independent review of the record pursuant to *People v. Wende* (1979) 25 Cal.3d 436 to determine whether there are any arguable issues on appeal.  We find no such issues and affirm.

### BACKGROUND

V.F. was driving on a Vallejo street when McGehee pointed what appeared to be a gun at her face, told her not to do anything stupid, and ordered her to open her car window.  He said he was angry because someone had killed his dog.  Still pointing the gun at her, McGehee pulled V.F. toward him and kissed her on the cheek and forehead.  When another car approached from behind, McGehee released V.F. and walked toward it with his gun.

1

A.L. was driving with his young daughter in the back seat when he saw McGehee standing in the middle of the road. McGehee pointed his gun at A.L. and approached the car. A.L. immediately backed up and drove away.

Responding officers arrested McGehee at the scene. A realistic-looking airsoft gun was under a parked car about two feet from where he had been standing. A neighbor reported that he heard what he thought were fireworks coming from down the street. When he looked, he saw McGehee shooting at passing vehicles. The neighbor's wife saw McGehee shooting at and hitting passing cars with his gun.

McGehee was charged with felony false imprisonment by violence (Pen. Code, § 236; count one), misdemeanor brandishing a replica gun (Pen. Code, § 417.4; count two), and misdemeanor throwing substances on vehicles (Veh. Code, § 23110, subd. (a); count three). He was properly advised of his trial rights and pled no contest to count one. The parties stipulated to a factual basis for the plea; the court noted he was aware of the facts from having presided over the preliminary hearing. On October 28, 2019, the court placed McGehee on three years' probation with 180 days in county jail and dismissed the remaining charges pursuant to a *Harvey* waiver. (See *People v. Harvey* (1979) 25 Cal.3d 754.)

In the spring of 2021, the court summarily revoked McGehee's probation based on a new misdemeanor gun possession conviction in San Francisco. McGehee subsequently admitted the violation. He was advised of his hearing rights and the parties stipulated to a factual basis for his plea based on the San Francisco case. The court reinstated probation and ordered McGehee to complete 50 hours of community service. Two months later, it reduced McGehee's probation period to two years pursuant to Assembly Bill 1950 ((2019-2020 Reg. Sess.), Stats. 2020, ch. 328, §§ 1-2).

On August 23, 2021, the court summarily revoked McGehee's probation for noncompliance with probation conditions that required him to engage in community service and counseling and abstain from drugs and alcohol. At a subsequent hearing, the court found McGehee had violated his probation. The court found that aggravating factors outweighed the mitigating factors and that imposing the low term would be contrary to the interest of justice. It imposed the two-year midterm, suspended, with credits totaling 461 days and the remaining 269 days to be served under mandatory supervision.

## DISCUSSION

McGehee's counsel has represented that he advised McGehee of his right to submit supplemental written argument on his own behalf. McGehee has not done so. McGehee has been provided with a copy of the appellate record and advised of his right to request that counsel be relieved and another attorney appointed. This court has reviewed the entire record on appeal for potential error. No issue requires further briefing.

## DISPOSITION

The judgment is affirmed.

_____
BURNS, J.

We concur:

_____
JACKSON, P.J.

_____
SIMONS, J.

A164647